**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1599**

PRYM CONSUMER USA, INCORPORATED; WILLIAM PRYM, INCORPORATED,

Plaintiffs - Appellees,

v.

RHODE ISLAND TEXTILE COMPANY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior District Judge.  (7:08-cv-03518-GRA)

Argued:  May 11, 2010                 Decided:  July 21, 2010

Before KEENAN, Circuit Judge, HAMILTON, Senior Circuit Judge, and Samuel G. WILSON, United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John W. Matthews, III, HAYNSWORTH, SINKLER & BOYD, PA, Greenville, South Carolina, for Appellant.  Natalma Morison McKnew, SMITH MOORE LEATHERWOOD, LLP, Greenville, South Carolina, for Appellees.  **ON BRIEF:** H. Donald Sellers, Joel M. Bondurant, Jr., HAYNSWORTH, SINKLER & BOYD, PA, Greenville, South Carolina, for Appellant.  Peter A. Rutledge, SMITH MOORE LEATHERWOOD, LLP, Greenville, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rhode Island Textile Company (RITCO) appeals from the district court's award of summary judgment to Prym Consumer USA, Inc. (Prym). In its complaint, Prym sought a declaration of the parties' rights under a non-competition agreement that restricted Prym's business in the consumer elastics market. The district court held that RITCO was not entitled to enforce the non-competition agreement. Finding no error, we affirm.

I.

A.

The following facts are undisputed. Prym manufactures and distributes sewing and other craft-related notions. In 1991, Prym's predecessor, Prym-Dritz Corporation (Prym-Dritz), sold its consumer elastics business to RITCO. Prym-Dritz transferred to RITCO all the fixed assets and certain intangible assets, including "good will," associated with that business. To achieve this transfer of "good will" to RITCO, Prym-Dritz agreed that it would not manufacture or sell elastic fabrics in competition with RITCO for a period of twenty-five years (Prym Non-Compete).[1] As relevant to this appeal, the parties' purchase

---

[1] Prym-Dritz's parent company, William Prym, Inc., executed a non-competition agreement that is virtually identical to the Prym Non-Compete. William Prym, Inc. was a party in the
(Continued)

agreement contained express language stating that neither party could assign any of its rights in the agreement without obtaining the prior written consent of the other (the no-assignment clause). After the sale of Prym-Dritz's consumer elastics business, Prym succeeded to the interests of Prym-Dritz.

In 2006, RITCO sold its consumer elastics line, "Stretchrite," to Dyno, LLC. As part of this transaction, RITCO purported to transfer to Dyno all the rights accruing to RITCO under certain contractual provisions, including RITCO's rights in the Prym Non-Compete. However, contrary to the no-assignment clause, RITCO did not obtain Prym's consent to assign to Dyno Prym's obligations under the Prym Non-Compete. Instead, RITCO and Dyno executed a separate agreement stating that if any of the assignments were ineffective, RITCO would "reasonably cooperate . . . to provide for Dyno the benefits" that Dyno otherwise would have acquired. J.A. 413.

RITCO also executed a non-competition agreement to facilitate the transfer to Dyno of any "good will" associated with the Stretchrite brand. RITCO agreed that until 2013, it would refrain from "selling, manufacturing . . . or marketing

proceeding in the district court but is not a party to this appeal.

4

any goods similar to or competitive with the Stretchrite Products" in the consumer elastics market. However, RITCO has continued to conduct business in the broader market for sewing notions that, apart from elastics, includes sewing and needlecraft accessories such as buttons, needles, and thread.

B.

In 2008, RITCO executed a settlement agreement that resolved certain disputes with Dyno. Under the terms of this settlement, RITCO agreed to take action to enforce the Prym Non-Compete against Prym on Dyno's behalf, if requested to do so by Dyno.[2] After receiving such a request from Dyno, RITCO sent a letter to Prym stating that RITCO was prepared to initiate litigation to stop Prym from conducting business in the consumer elastics market.

On receipt of this letter, Prym filed a complaint for declaratory judgment against RITCO in the district court. Prym sought declaratory relief on the basis that RITCO lacked authority to enforce the Prym Non-Compete because, having

_____

[2] The agreement further provided that RITCO would "permit Dyno to assume control of the prosecution or defense of such enforcement actions or claims." J.A. 456-57. On appeal in this case, Prym argues that Dyno is using RITCO to re-litigate issues conclusively decided by a South Carolina court in an earlier litigation between Prym and Dyno. We need not reach that argument to decide the issues raised by RITCO on appeal.

removed itself from the consumer elastics market in 2006, RITCO no longer had a legitimate interest that would justify restraining Prym from selling consumer elastics products. The district court agreed with Prym's argument, and entered summary judgment for Prym.

II.

On appeal, RITCO asserts that it has "legitimate interests" that justify enforcement of the Prym Non-Compete. RITCO observes that it is required by its settlement agreement with Dyno to enforce the Prym Non-Compete on Dyno's behalf, and argues that this independent contractual obligation is an interest that permits RITCO to enforce the restraint on competition imposed by the Prym Non-Compete.

Alternatively, RITCO contends that irrespective of any rights acquired by Dyno, RITCO has separate, legal interests in enforcing the Prym Non-Compete. According to RITCO, although it stopped selling consumer elastics in 2006, the Prym Non-Compete protects RITCO's remaining interests in the general sewing notions market until 2016, and RITCO's future interest in resuming the manufacture and sale of consumer elastics when RITCO's non-competition agreement with Dyno expires in 2013. RITCO explains that if the district court's decision is permitted to stand, Prym will use its consumer elastics business

6

to increase its share of the broader sewing notions market, thereby harming RITCO. RITCO also argues that if Prym currently is permitted to compete in the consumer elastics market, this competition will affect any future consumer elastics business that RITCO may decide to develop in 2013. We disagree with RITCO's contention that these are "legitimate interests" protected by the Prym Non-Compete.

III.

A.

We review the district court's entry of summary judgment de novo. Universal Concrete Prods. Corp. v. Turner Constr. Co., 595 F.3d 527, 529 (4th Cir. 2010). Like the district court, we apply the law of Rhode Island because the parties agreed in the Prym Non-Compete that Rhode Island law would govern the resolution of any contract disputes between them. Under Rhode Island law, we consider the plain and ordinary meaning of the language used in the parties' contract. Cathay Cathay, Inc. v. Vindalu, LLC, 962 A.2d 740, 746 (R.I. 2009).

RITCO's first argument, that RITCO can enforce the Prym Non-Compete to satisfy its independent contractual obligation to transfer "good will" to Dyno, is foreclosed by the unambiguous language of the no-assignment clause. That clause states: "Th[e purchase] agreement shall not be assignable by either party

7

without the prior written consent of the other party hereto." J.A. 50.

Because the Prym Non-Compete is part of RITCO's purchase agreement with Prym, the Prym Non-Compete is subject to the no-assignment clause, which does not provide any exception that would permit RITCO to assign rights acquired under the Prym Non-Compete without Prym's consent. It is undisputed that in 2006, when RITCO sold Stretchrite to Dyno, RITCO did not obtain Prym's consent to assign Prym's obligation to refrain from competition in the consumer elastics market. Thus, RITCO lacked the authority to transfer to Dyno the benefits of the Prym Non-Compete, and RITCO cannot avoid application of the plain language of the no-assignment clause by executing a separate contract with Dyno.

B.

RITCO argues, nevertheless, that it can enforce the Prym Non-Compete on its own behalf. As explained above, RITCO maintains that such enforcement is necessary to protect RITCO's present interest in limiting competition relating to sewing notions other than consumer elastics, and to protect RITCO's future interest in any consumer elastics business that RITCO may develop in 2013.

In considering this issue, our interpretation of the Prym Non-Compete is controlled generally by the clear and unambiguous

8

language chosen by the parties. See Durapin, Inc. v. Am. Prods., Inc., 559 A.2d 1051, 1056 (R.I. 1989). However, because restraints on competition are disfavored, these restraints, even when plainly expressed in a contract, still are subject to judicial scrutiny. Id. at 1053.

Courts applying Rhode Island law generally assess non-competition agreements by employing the "reasonableness" test set forth in the Restatement of Contracts. See Dial Media, Inc. v. Schiff, 612 F. Supp. 1483, 1488-89 (D.R.I. 1985). This test provides, in relevant part:

> A promise to refrain from competition that imposes a restraint that is ancillary to an otherwise valid transaction or relationship is unreasonably in restraint of trade if (a) the restraint is greater than is needed to protect the promisee's legitimate interest, or (b) the promisee's need is outweighed by the hardship to the promisor and the likely injury to the public.

Restatement (Second) Contracts § 188(1). Thus, in Rhode Island, covenants that limit competition by businesses are enforced to the extent necessary to protect a "legitimate interest" in the promissee.[3] See Home Gas Corp. of Mass. v. DeBlois Oil Co., 691 F. Supp. 567, 573 (D.R.I. 1987) (applying Rhode Island law).

---

[3] Although RITCO contends that the district court imposed an inappropriately high burden by treating the Prym Non-Compete like a restriction on individual employment, we find no indication in the record that the district court applied an incorrect standard.

9

The determination whether a "legitimate interest" exists to enforce a non-competition clause depends on the particular facts surrounding the agreement. Durapin, 559 A.2d at 1053. In conjunction with the sale of a business, the successful transfer of a business' "good will" from seller to buyer constitutes a "legitimate interest" that can justify imposing a restraint on competition. Id. However, a mere general interest in remaining free from competition is not a sufficient basis to enforce a non-competition agreement. See Dial Media, 612 F. Supp. at 1489.

Applying these principles, we disagree with RITCO that it can enforce the Prym Non-Compete on its own behalf, to protect its present interests outside the consumer elastics market, and to protect any future business in consumer elastics that RITCO may have in 2013. The Prym Non-Compete cannot be interpreted so broadly. The Prym Non-Compete had the limited purpose of protecting RITCO's investment in the "good will" associated with Prym's consumer elastics business during the time of Prym's ownership. Between 1991 and 2006, the Prym Non-Compete fulfilled this purpose by restraining Prym and its predecessor corporation from marketing or selling "elastics fabrics of any kind" in competition with RITCO. However, when RITCO sold its consumer elastics business and withdrew from the consumer elastics market in 2006, RITCO abandoned the very interest that

10

justified the restraint on competition. Thus, RITCO's present attempt to use the Prym Non-Compete to protect the other interests now asserted by RITCO would require a revision to, rather than an enforcement of, the Prym Non-Compete. Accordingly, we conclude that RITCO has not asserted "legitimate interests" that would justify a continuing restraint on Prym's ability to market consumer elastics.

IV.

For these reasons, we hold that RITCO lacks any basis to enforce the terms of the Prym Non-Compete. We affirm the judgment of the district court.

AFFIRMED

11